UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS A. GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00459-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND TO OBEY A COURT ORDER (ECF No. 30)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

Plaintiff Jesus A. Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's claims for deliberate indifference to his health and safety in violation of the Eighth Amendment against Defendants J. Mejia and J. Faure.

///

///

///

1

## I. Background

On May 4, 2016, Defendants filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] (ECF No. 15.) Plaintiff's opposition was due on or before May 31, 2016. Plaintiff filed no opposition, and thus on June 8, 2016, Plaintiff was ordered to file an opposition or a statement of non-opposition to Defendants' motion within twenty-one (21) days. (ECF No. 22.) Plaintiff was expressly warned that the failure to comply with that order would result in dismissal of his action, with prejudice, for failure to prosecute and failure to obey a court order. (Id. at 2.) Plaintiff failed to comply with that order.

Accordingly, on July 13, 2016, the Court issued an order to show cause why this action should not be dismissed for the failure to prosecute and the failure to obey a court order. (ECF No. 30.) Plaintiff was again warned that the failure to show good cause would result in the case being dismissed with prejudice. (Id. at 2.) Plaintiff's response to that order was due on or before August 1, 2016. However, as of the date of this order, Plaintiff has neither complied with the Court's previous orders, nor otherwise communicated with the Court. At this time, Plaintiff's response to Defendants' motion to dismiss is now more than two (2) months overdue.

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

---

[1] The motion was filed by Defendant Faure, and later joined by Defendant Mejia. (ECF No. 27.)

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for over two (2) years. The current motion to dismiss the action has been pending since May 2016, and despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's orders. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's June 8, 2016 order expressly warned Plaintiff that his failure to comply with that order would result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (ECF No. 28, p. 2.) The warning was reiterated in the Court's July 13, 2016 order to show cause. (ECF No. 30.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

**III.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 8, 2016**                       /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE